UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP R. PERRY,

        Plaintiff,                                  Case Number 22-11044
                                                    Honorable David M. Lawson

v.

SGT. GREGG HUGHES,

        Defendant.

_____/

## OPINION AND ORDER WITHDRAWING REFERENCE AND SUMMARILY DISMISSING COMPLAINT

Plaintiff Bishop Perry, a Michigan prisoner, filed a lawsuit under 42 U.S.C. § 1983 against Detroit police sergeant Gregg Hughes for actions Hughes allegedly took in the investigation and prosecution of Perry for a state crime. Perry is not represented by an attorney. On July 19, 2022, the Court granted Perry's motion for leave to file an amended complaint and directed Perry to file an amended complaint by August 1, 2022. The case then was referred to Magistrate Judge Curtis Ivy, Jr. for pretrial management. Perry has not filed an amended complaint within the time allowed. The original complaint essentially amounts to a challenge to the procedures that the defendant followed, which led to Perry's criminal conviction, and therefore it questions the validity of that conviction. After screening, it is apparent that the complaint does not state a cognizable claim and it must be dismissed. The Court, therefore, will withdraw the reference and dismiss the case.

I.

Perry's claims arise from the state-court criminal proceeding that resulted in his convictions for armed robbery, unlawful imprisonment, assault, and three firearm-related crimes.

*See People v. Perry*, No. 296777, 2011 WL 2119573 (Mich. Ct. App. May 26, 2011). Perry maintains that, on July 27, 2009, defendant Hughes knowingly included false and misleading information in a search warrant affidavit. Perry alleges that Hughes's false statements, which included assertions that two witnesses identified Perry in a lineup, violated his Fourth Amendment right to be free from malicious prosecution. Perry also alleges that Hughes violated his right to due process by withholding material exculpatory evidence.

Perry seeks injunctive relief and damages totaling $60 billion.

II.

The Prison Litigation Reform Act (PLRA) requires the Court to examine a prisoner's complaint when it is filed and to dismiss it before service on a defendant if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Perry invokes 42 U.S.C. § 1983 as the basis of his lawsuit. To state a claim under that statute, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

The thrust of the plaintiff's complaint in this case is that the procedures defendant Hughes utilized to obtain evidence of the convictions were unlawful for a variety of reasons. However, those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that when a plaintiff brings a civil rights action under section 1983 that

"challenges the fact or duration of his confinement and seeks immediate or speedier release," the case must be viewed as a habeas corpus action and state remedies must be exhausted. *Id.* at 481 (citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973)). Therefore, the Court held, if a plaintiff's section 1983 action "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus. *Id.* at 487. Perry has not alleged that his convictions have been vacated or overturned. To the contrary, he continues to allege that he is detained illegally. And he filed a petition for a writ of habeas corpus that was dismissed as untimely on March 4, 2022. *See* Omnibus Op. and Order, *Perry v. Schiebner*, No. 20-12495 (E.D. Mich.).

The line of cases that follow *Heck*, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If the plaintiff were to prevail in this action, his continued confinement in prison would be called into question. Consequently, his civil rights complaint is barred by *Heck* and must be dismissed.

### III.

The plaintiff fails to state a claim in his complaint upon which relief may be granted. There is no need for the magistrate judge to conduct pretrial proceedings. The PLRA, 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b), therefore requires the Court to dismiss the case summarily.

Accordingly, it is **ORDERED** that the order referring the case to the magistrate judge for general case management (ECF No. 9) is **VACATED**.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   August 30, 2022